Judge Marshall

delivered the Opinion of the Court,
In the case of May’s Heirs vs. Hill, 5 Litt. 309-10, it was decided that, where a bond has been surrendered to the obligor, the presumption is, that it was destroyed, and evidence may be given of its contents. On the principle of that case, the evidence as to the rent paid by Moore, for the year ending in December, 1834, and which had been secured by bond, was admissible, and formed properly a part of the case, upon which the Court determined that the evidence did not support the declaration, and on this ground excluded the whole evidence, and instructed the jury to find for the defendant.
The evidence, including that which has been referred to, conduced to prove that Moore occupied the premises in the declaration mentioned, during the year 1834, under a demise from Whittemore, ending on the 15th day of December, in that year, at the rent stated in the declara *316 tion, payable as therein alleged. And that he continued to occupy the said premises after said 15th day of December, 1834, until the fall of 1836, with the knowledge and by the permission and acquiescence of the plaintiff, through his agent, but without any express agreement or stipulation either as to occupancy or rent.
he holds over, at the same rate, payable in the same way, at that which he contracted to pay, when he took the lease. But there may be a reduction, perhaps, where a change in the condition of the demised premises, or some, other peculiar circumstances has rendered them less valuable.—
But —
As a plaintiff may recover in debt, less than he declares for, proof of such change, though it may reduce the recovery, will not defeat an action of debt for the rent for the holding over.
Upon these facts, we think, the implication arises, according to the well settled doctrine on the subject, that Moore continued to occupy after the expiration of the lease, as a tenant, and at the same rent, payable in the same way, as under the previous express contract. (Abeel &c. vs Radcliff, 15 Johns. Rep. 505.) And as the declaration makes out a cause of action by stating these facts, and the implication arising thereon, there certainly was evidence conducing to prove the contract and cause of action as alleged.
There was, it is true, other evidence which conduced to prove that, some time after the 15th of December, 1834, the demised premises became less valuable, in consequence of a bridge being completed over Licking river, connected with the turnpike road, which drew the travel from the ferry, which had constituted a part of the demised premises &c. And it also appeared that before the end of the second year of Moore’s holding over, the plaintiff sold the whole of the demised premises, and required Moore to surrender them to the vendee, which was done. But, to whatever effect these facts might be entitled, in limiting the amount of recovery — as to which it is not necessary to decide, and we do, not intimate an opinion — they did not authorize the Court to take the case from the jury, nor would they have authorized the jury to find for the defendant. At the utmost, these facts could only go to the length of time during which the premises, were occupied, under the alleged contract, or to the. length of time for which the plaintiff would be entitled to demand rent under the contract. They do not show that there was no such contract, nor that no rent was demandable under it. And, as the plaintiff may, in this action of debt, recover less than he declares for, they do not go to defeat the action, the court, therefore, erred in excluding the evidence, and instructing the jury as above, *317 stated. The other questions discussed by the plaintiff’s counsel, do not arise for decision in the present attitude of the case, and need not be stated; but for the error already noticed the judgment is reversed, and the cause remanded for a new trial.